**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Antonio ESTRADA, Defendant–Appellant.**

No. 92–2502.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 18, 1994.*

Decided Nov. 8, 1994.

Barry Rand Elden, Asst. U.S. Atty. (submitted), Criminal Receiving, Appellate Div., Chicago, IL, for plaintiff-appellee.

H. Elizabeth Kelley, Oak Forest, IL, for defendant-appellant.

Before BAUER, RIPPLE and ROVNER, Circuit Judges.

PER CURIAM.

Antonio Estrada was convicted by a jury of distributing cocaine in violation of 21 U.S.C. § 841(a)(1). He appeals one of the district court's evidentiary rulings. We affirm.

Estrada negotiated a sale of cocaine to Faustino Juan Oliver. During their discussions the two spoke on the phone and in person several times. Unbeknownst to Estrada, Oliver was a confidential informant (CI) working with law enforcement authorities and these conversations were recorded. At trial the government introduced these recorded conversations. Oliver testified as to his understanding of statements made during the tape recorded conversations he had with Estrada and interpreted the coded conversations for the jury. Estrada argues that Oliver provided impermissible lay testimony in violation of Federal Rule of Evidence 701. We review a district court's evidentiary rulings for an abuse of discretion. *See, e.g., United States v. Kozinski,* 16 F.3d

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record.

795, 809 (7th Cir.1994); *United States v. Fulford*, 980 F.2d 1110, 1114 (7th Cir.1992).

Federal Rule of Evidence 701 provides: If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue.

F.R.E. 701. The first requirement, that Oliver's testimony is rationally based on his own perceptions, has been met here. *See United States v. Allen*, 10 F.3d 405, 414 (7th Cir. 1993). Oliver was a participant in the conversations with Estrada and testified as to his understanding of their communications. *See Kozinski*, 16 F.3d at 809 (witness had personal knowledge of his own mental processes and was competent to testify regarding them). Rule 701's second requirement is that the testimony be helpful to the jury's understanding of the issues at trial. *See Allen*, 10 F.3d at 414. The conversations between Oliver and Estrada included code words for the negotiation of cocaine.[1] *See United States v. Hughes*, 970 F.2d 227, 237 (7th Cir.1992) (individuals involved in narcotics transactions tend to speak in coded terms); *United States v. Zanin*, 831 F.2d 740, 744 (7th Cir.1987) ("conversations regarding drug transactions are rarely clear"). Oliver's testimony assisted the jury's understanding of the content of the recorded conversations. The requirements of Rule 701 are satisfied. *See also United States v. Simas*, 937 F.2d 459, 465 (9th Cir.1991) (testimony allowed as to meaning of vague and ambiguous statements); *United States v. DePeri*, 778 F.2d 963, 977 (3d Cir.1985) (language in taped conversation "composed with unfinished sentences and punctuated with ambiguous references" ... "as if he were

using code"). Therefore the district court's judgment is AFFIRMED.[2]

---

1. For example, the words "contracts" and "letter" referred to cocaine. Transcript at 150, 153–55.

2. Estrada argues that Oliver did not have personal knowledge of Estrada's activities because the word "cocaine" was never used. Oliver was competent to testify to his understanding of the conversations, and the fact that the word cocaine was not used does not detract from that ability.

*See United States v. Vega*, 860 F.2d 779, 795 (7th Cir.1988) (no explicit mention of cocaine but case was "more that strong enough" to convince the jury that code words referred to drugs); *United States v. Binkley*, 903 F.2d 1130, 1134–35 (7th ·Cir.1990) (no "code words" for cocaine used, but a fact finder must draw inferences from veiled allusions).